IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3067-FL

| | |
|---|---|
| TYRONE GOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BOYD BENNETT; CAPTAIN J. R. ) | |
| MOODY; and SID HARKLEROAD, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE # 12). Plaintiff did not respond to this motion, and the issues raised therein are now ripe for adjudication. For the following reasons, the court grants defendants' motion.

## BACKGROUND

On April 13, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that the North Carolina Department of Corrections ("NCDOC") violated his constitutional rights when it classified him as a member of the Security Threat Group Management Unit and refused to allow him to freely practice his religion. Plaintiff also contends that the North Carolina Department of Correction should revise its grievance process.

Plaintiff alleges that on April 8, 2003, he arrived at Marion Correctional Institution and, after a term in segregation for a previous infraction, was placed in regular population. On May 6, 2003, an NCDOC officer conducting a search of plaintiff's cell discovered religious materials among his

personal property. Plaintiff states that his personal religious materials were confiscated. On May 11, 2003, plaintiff filed a grievance requesting the return of his property. In response, plaintiff was notified that the property was considered gang-related and that it would not be returned to him. Prison officials then charged plaintiff with a violation of inmate conduct, and found him guilty of the charge. As a result, plaintiff was placed in the Security Threat Group Management Unit. Plaintiff states that there was no direct appeal process once he was placed in the Security Threat Group Management Unit.

On October 1, 2009, defendants filed a motion to dismiss plaintiff's claims, arguing that the complaint is time-barred. Plaintiff was notified of defendants' motion on October 2, 2009, but has failed to file a response.

## DISCUSSION

A.   Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Nevertheless, where facts sufficient to rule on the affirmative defense that plaintiff's claim is time-barred are clearly alleged in the complaint, that defense may be asserted in a motion pursuant to Rule 12(b)(6). See Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 336 (4th Cir. 2009); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

2

B. Analysis

The statute of limitations for a claim pursuant to § 1983 is borrowed from a state's general personal injury statute of limitations. Harvey v. Horan, 278 F.3d 370, 384 (4th Cir. 2002). In North Carolina, the appropriate statute of limitations for personal injury claims is three years from the time the cause of action accrues, meaning the date on which "plaintiff knows or has reason to know of the injury which is the basis of the action." N.C. Gen. Stat. § 1-52(5); National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991).* Here, as set forth in the complaint, the alleged constitutional injury occurred between May 6 and May 11, 2003. Plaintiff did not file the instant complaint until April 13, 2009, almost six years after the statute of limitations began to run. Accordingly, based on the allegations clearly appearing on the face of his complaint, plaintiff's action is time-barred. Defendants' motion to dismiss is GRANTED.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss (DE # 12) is GRANTED and the complaint is DISMISSED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 29th day of June, 2010.

LOUISE W. FLANAGAN  
Chief United States District Judge

---

* Plaintiff does not assert a claim pursuant to Religious Land Use and Institutionalized Persons Act, which has a four-year statute of limitations. See Al-Amin v. Shear, 325 F. App'x 190, 193 (4th Cir. 2009) (per curiam) (unpublished) (citing 28 U.S.C. § 1658). Nevertheless, the court notes that such a claim would also be time-barred.

3